IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL MELTON** | : | **CIVIL ACTION** |
| v. | : | |
| **MR. DAVID DI GUGLIELMO** | : | **NO. 07-cv-1746** |

**MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief from custody. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

By means of AEDPA, Congress provided that in the context of a petitioner who is in state custody, a writ of habeas corpus may issue pursuant to 28 U.S.C. §2254 for constitutional attacks on the imposition ***and/or*** the execution of a state conviction and/or a state sentence. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress also intentionally created a series of ***intentionally restrictive gate-keeping conditions*** which must be satisfied for a

prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus.  One such intentionally restrictive gate-keeping condition is AEDPA's **_strict and short statute of limitations_**.  Another one of these intentionally restrictive gate-keeping conditions is AEDPA's **_"second or successive rule,"_** which generally forbids a litigant from filing a 28 U.S.C. §2254 habeas if that litigant had a prior 28 U.S.C. §2254 habeas (attacking the same state conviction and/or sentence) which was dismissed with prejudice.

On April 30, 2007, petitioner filed a petition in this court, labeled 07-cv-1746 by the Clerk of this Court, seeking Habeas Corpus relief.  In this petition, he raises two claims that allegedly justifies such relief, namely:

1. He was allegedly tried and convicted by the jury for a crime he was never charged with having committed in the original bill of information; and

2. He is allegedly incarcerated for a crime he was never charged with having committed in the original bill of information.

These are clearly claims that the rights guaranteed to petitioner pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution have been violated; therefore, this petition seeks the type of relief that is only available pursuant to 28 U.S.C. §2254.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).  However, petitioner in the instant matter purports to seek habeas corpus relief pursuant to 28 U.S.C. §2241 (and not pursuant to 28 U.S.C. §2254).  Any constitutional attack on state custody as a result of a state judgment must be pursued under §2254, and not pursuant to §2241.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).  This is a crucial

distinction, as the second or successive rule of AEDPA does not apply to §2241 petitions.  <u>Zayas v. INS</u>, 311 F.3d 247 (3rd Cir. 2002).  The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's second or successive rule does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.  The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's statute of limitations does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.[1]

Pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), this court may not re-characterize such a document as a 28 U.S.C. §2254 petition without first:

1. notifying the petitioner that the court believes it is really a §2254 petition purporting to be something else; ***and***,

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA); ***and***,

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2254 petition; ***and***,

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid recharacterization, then pursuant to Local Civil Rule 9.3(b), and Rule 2 of the Rules Governing 28 U.S.C. §2254 Proceedings in the United States District Courts, this petition was not filed with the requisite <u>current</u> standard 28 U.S.C. §2254 form, prescribed by this court, effective

---

[1]Petitioner is also alleging that he is actually innocent, but whereas he does not base this argument upon any allegedly newly discovered evidence, relief from AEDPA's restrictive gate-keeping conditions is not available pursuant to 28 U.S.C. §2244(b)(2) and 28 U.S.C. §2244(d)(1)(D).  Considering that the petitioner has been convicted of a crime, the trial court's findings of fact are presumptively correct, and the factual situation involved in any habeas corpus proceeding must be viewed in the light most favorable to the prosecution.  <u>Riley v. Taylor</u>, 277 F.3d 261 (3rd Cir. 2001).

December 1, 2004.  Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3rd Cir. 2000) (which relates to the *strict* and *short* statute of limitations that exists for filing a 28 U.S.C. §2254 petition); and <u>Mason v. Meyers</u>, 208 F.3d 414 (3rd Cir. 2000) (which relates to the *strict* restrictions on filing a second or successive 28 U.S.C. §2254 petition) (these specific <u>Thomas</u> and  <u>Mason</u> warnings are contained in the introductory text of this court's  aforesaid current standard §2254 form).  Whereas all district courts within the Third Circuit are required to give petitioners in §2254 cases these <u>Thomas</u> and <u>Mason</u> warnings at the time of filing, that this court cannot "waive" the form requirements of Local Civil Rule 9.3(b).

      Accordingly, this     11th            Day of May, 2007, it is hereby **ORDERED** as follows:

1. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number).

2. Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of 07-cv-1746 as a 28 U.S.C. §2254 petition, and, that if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2254 form and return it to this court.

3. Petitioner is formally placed on notice that if he insists that 07-cv-1746 proceed as a 28 U.S.C. §2241 petition, that 07-cv-1746 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

4. Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 07-cv-1746 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

      **/ S/ JAMES KNOLL GARDNER**
**JAMES KNOLL GARDNER, U.S. District Judge**